May 9, 1978

## 78-23 MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, LAND AND NATURAL RESOURCES DIVISION

### Eminent Domain—Leaseholds—Rentals— Economy Act Limitation (40 U.S.C. § 278(a))

This responds to your request for our opinion on whether the United States is authorized to acquire leasehold interests in real property by proceedings under the Declaration of Taking Act, 40 U.S.C. § 258(a), where the estimated fair annual rent exceeds the limitation provided by § 322 of the Economy Act, 40 U.S.C. § 278(a). The General Services Administration (GSA) has requested the advance opinion of the Comptroller General on this question in connection with a proposed taking.

Section 322 of the Economy Act, 40 U.S.C. § 278(a), provides in pertinent part:

> After June 30, 1932, no appropriation shall be obligated or expended for the rent of any building or part of a building to be occupied for Government purposes at a rental in excess of the per annum rate of 15 per centum of the fair market value of the rented premises at date of the lease under which the premises are to be occupied by the Government . . . .

GSA states that its estimate of the fair rental value of the space to be leased is greater than 15 percent of its fair market value. Plainly, GSA could not enter into a voluntary lease. The question, then, is whether there is a permissible alternative route bypassing the 15 percent limitation. We think not.

Under the Declaration of Taking Act, the Government files a declaration of taking which includes an estimate of the fair value of the property involved, and it deposits that sum in court. It acquires title when the declaration is filed, and is irrevocably committed to pay judicially fixed just compensation. *See* 40 U.S.C. § 258(a).[1] As you know, the Federal courts consistently have held that the measure of just compensation for taking a leasehold interest is its fair rental

---

[1] *See also* 74 Cong. Rec. 779 (1931).

value. *See, e.g., Kimball Laundry Co.* v. *United States*, 338 U.S. 1, 7 (1949); *John Hancock Mutual Life Ins. Co.* v. *United States*, 155 F. (2d) 977, 978 (1st Cir. 1946); *United States* v. *883.89 Acres of Land, Etc., Sebastian Co., Ark.*, 314 F. Supp. 238 (W.D. Ark. 1970), *aff'd*, 442 F. (2d) 262 (1971). To file a declaration of taking for a leasehold with fair rental value of more than 15 percent of the market value of the premises would thus, in effect, obligate the United States to pay rent at that level.

Section 3 of the Declaration of Taking Act, 40 U.S.C. § 258(c), provides:

> Action under section 1 of this Act [40 U.S.C. § 258(a)] irrevocably committing the United States to the payment of the ultimate award shall not be taken unless the chief of the executive department or agency or bureau of the Government empowered to acquire the land shall be of the opinion that the ultimate award probably will be within any limits prescribed by Congress on the price to be paid.

In addition to its plain language, the legislative history of the section conclusively demonstrates that its purpose is to prohibit an agency from using § 258(a) to obligate funds in excess of any statutory limit. The Act originated from a condemnation statute for the District of Columbia which lacked such a provision. The Department of Justice proposed § 258(c) after experience with the local statute showed that condemnation proceedings initiated at the request of agencies could bypass statutory limits on expenditures. *See* H. Rept. 2086, 71st Cong., 3d sess., at 2. During the debate Representative LaGuardia explained the section's purpose as follows:

> I think section 3, which the gentleman has some misgivings about, is for the very purpose of preventing abuses and undue expenditures, which the gentleman seeks to avoid. It states that before you can avail yourself of the benefit of this law, a responsible agency head must certify that the land in question will not cost, *even in condemnation*, beyond the amount authorized by Congress.[2] [Emphasis added.]

In short, 40 U.S.C. § 258(c) forbids an agency to initiate proceedings under 40 U.S.C. § 258(a) when it knows or believes that the result will be to require payment of more than Congress has authorized.

GSA relies primarily upon a statement in 22 Comp. Gen. 1112, 1114-15 (1942), that § 322 of the Economy Act does not, and cannot, limit an owner's constitutional right to receive just compensation for property taken by the Government. From this, it concludes that any leasehold may be acquired under the Declaration of Taking Act without regard to the limitation provided by § 322. However, this reading of the Comptroller General's decision is overly broad.

The proceeding discussed in that decision was brought under § 201 of Title II, Second War Powers Act, 56 Stat. 177. Under that section, after the Government filed the condemnation petition, "immediate possession may be taken and the property may be occupied, used, and improved for the purposes

---

[2]74 Cong. Rec. 778 (1931).

of this Act, notwithstanding any other law." This language, said the Comptroller General, "negatives the idea that it was intended to be subject to the restrictions of § 322 of the Economy Act." 22 Comp. Gen. 1112, 1115. Thus, the Comptroller General held that Congress did not intend that § 322 limit the amount of compensation for a condemned leasehold.

In contrast, 40 U.S.C. § 258(c) does, in our opinion, incorporate § 322 of the Economy Act. It does so, however, not as a limit on the compensation received by the owner, but as a restriction on the Government's authority to take the property in the first instance. Once a declaration of taking has been filed, 40 U.S.C. § 258(a) commits the Government to pay whatever sum the court finds to be just compensation. Furthermore, the legislative history of the Declaration of Taking Act shows that Congress understood that a property owner's constitutional right to just compensation was not limited by the statute.[3] On the other hand, Congress also intended to protect its own constitutional power to control the expenditure of appropriated funds. It reconciled the two by forbidding the Government to incur liability for just compensation when it appeared that statutory limits on expenditure would be exceeded. Since 40 U.S.C. § 258(c) limits authority to take, and not the amount of compensation paid after taking, it is not inconsistent with the portion of the Comptroller General's decision on which GSA relies.

To summarize, it is our opinion that 40 U.S.C. § 258(c) incorporates the restriction on the payment of rent contained in § 322 of the Economy Act and prohibits the Government from filing a declaration of taking when it knows that just compensation would exceed that limit. While the Comptroller General's decision limits the effect of § 322 on the Government's duty to pay just compensation, it does not purport to affect the power of Congress to prevent the Government from incurring that obligation in the first instance.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3] 74 Cong. Rec. 779 (1931).

98